UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONDRE T. HUDSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILLIPS, et al.,<br><br>    Defendants. | No.  2:23-cv-01821 DB P<br><br>ORDER |

Plaintiff Deondre T. Hudson, an inmate at the Sacramento County Mail Jail, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint and motion to proceed in forma pauperis are before the court. The complaint fails to state a claim. Plaintiff is granted leave to file an amended complaint within 30 days of the date of service of this order.

**I.    In Forma Pauperis**

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). The motion to proceed in forma pauperis is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty

1

percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Plaintiff's Allegations

On July 13, 2023, plaintiff left the Sacramento County Mail Jail for a doctor's appointment. (ECF No. 1 at 3.) When he returned, Deputy Phillips and Deputy T. Smith told him he had to be rehoused due to having been transported to outside medical on a "med-run." (Id. at 3.) Plaintiff informed the officers they were mistaken because he had been out on a scheduled

2

appointment, but they told him to take it up with classification. (Id. at 4.) Plaintiff informed both deputies he had preexisting conditions that put him at high risk for suffering COVID. (Id.) Deputy Phillips said he did not have time and did not care, and Deputy Smith said nothing. (Id.) Plaintiff was coerced to enter a cell in 6E and take the upper bunk even though he informed the deputies he has degenerative disc disease and cannot be on upper bunk. (Id.)

Once in the cell, plaintiff pressed the medical emergency button and attempted to address the issue. (ECF No. 1 at 4.) Records Officer Payne said it was not an emergency and plaintiff would have "nothing coming while on her floor" since he was being a problem. (Id.) She would not answer the button. (Id.) On the next cell check, plaintiff was refused blankets and requested medication. (Id.)

Deputy Barrera contacted classification, explained the issue, and got plaintiff cleared to be rehoused. (ECF No. 1 at 4-5.) However, plaintiff still had to be quarantined due to being placed in a cell with someone on quarantine. (Id.)

On July 15, 2023, plaintiff had three envelopes of legal mail to process and gave them to Deputy Phillips. (ECF No. 1 at 5.) The envelopes were handed to Deputy Payne to who took them to a desk. (Id.) Plaintiff sat outside waiting for the envelopes to be sealed and signed in his presence. (Id.) Plaintiff alerted Deputy Phillips he was waiting to see this happen, and Deputy Payne screamed at plaintiff and said she would seal and sign them. (Id.) Plaintiff stated he wanted to see that happen. (Id.) Deputy Smith walked over and signed the mail in front of plaintiff. (Id.) Plaintiff then returned to his cell. (Id.)

Plaintiff grieved both the placement and treatment he received on 6E. (ECF No. 1 at 5.) Sergeant Davis resolved the grievance two days after plaintiff had already returned to 6W212 on a lower bunk. (Id.) By then, he had his medication and blankets back and staff denied relief based on the changed circumstances. (Id.)

While on 6E, plaintiff received hostile treatment and rarely received a full 15 minutes of daily rec/shower time. (ECF No. 1 at 5.) Officer Vue violated plaintiff's confidentiality by reporting plaintiff's non-vaccinated status to classification. (Id.)

////

Through this suit, plaintiff seeks a variety of injunctive relief including relief to address the jail's practice of mishandling procedures. (ECF No. 1 at 3.) The complaint does not seek monetary damages. (See id.)

## IV. Discussion

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In the present complaint, plaintiff does not adequately allege he was deprived of a constitutional right. Below, the court sets forth applicable legal standards for constitutional deprivations plaintiff might be attempting to allege and gives plaintiff notice of the deficiencies in the complaint's allegations.

### A. Deliberate Indifference to Health or Safety

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates[.]" Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Id. at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)). In order to prevail on an Eighth Amendment claim[1] regarding a prisoner's medical need, a plaintiff must show that (1)

---

[1] Because plaintiff is a convicted prisoner, the Eighth Amendment applies to his claims challenging conditions of confinement. The court takes judicial notice that plaintiff is a prisoner being held at the jail under section 2620 of the California Penal Code for the purpose of being brought before a court. This information is publicly available at https://www.sacsheriff.com/InmateInformation/SearchNames.aspx, last visited, May 7, 2024. See U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008) (court "may take judicial notice of matters of public record").

4

1 he had an objectively serious medical need, (2) defendant was deliberately indifferent to that
2 need, and (3) defendant's purposeful act (or failure to act) was the actual and proximate cause of
3 plaintiff's claimed injuries. See Farmer, 511 U.S. at 834; Lemire v. Cal. Dep't of Corr. & Rehab.,
4 726 F.3d 1062, 1074 & 1081 (9th Cir. 2013); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

5       To prove the objective component for an Eighth Amendment claim, an inmate must
6 establish there was some degree of actual or potential injury, and that society considers the risk to
7 be so grave that it violates contemporary standards of decency to expose anyone unwillingly to
8 such a risk. Helling v. McKinney, 509 U.S. 25, 36 (1993). As to the subjective component, "only
9 the unnecessary and wanton infliction of pain implicates the Eighth Amendment" and thus the
10 defendant must have acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S.
11 294, 297 (internal quotations marks, emphasis, and citations omitted).

12       At the outset, the court notes plaintiff does not allege he became ill or was otherwise
13 physically injured as a result of the defendants' indifference. "No Federal civil action may be
14 brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or
15 emotional injury suffered while in custody without a prior showing of physical injury or the
16 commission of a sexual act…." 42 U.S.C. § 1997e(e); see also Oliver v. Keller, 289 F.3d 623, 629
17 (9th Cir. 2002). However, the statute "does not nullify the Eighth Amendment by leaving
18 violations of it without a remedy," Zehner v. Trigg, 133 F.3d 459, 464 (7th Cir. 1997), and claims
19 for injunctive relief as well as nominal and punitive damages are unaffected. As set forth above,
20 plaintiff seeks various forms of injunctive relief rather than compensatory damages for mental or
21 emotional injury.

22       Relevant here, the risks associated with COVID-19 can constitute a sufficiently serious
23 risk under the Eighth Amendment to satisfy the objective component of such a claim. However,
24 the alleged conduct of deputies Phillips and Smith does not show a sufficiently culpable state of
25 mind to an obvious risk to plaintiff. Under the facts alleged, plaintiff objected to a housing
26 placement, telling the deputies he has preexisting conditions that put him at high risk for suffering
27 COVID-19. This does not plausibly show the defendants acted with deliberate indifference to a
28 serious risk to plaintiff's health or safety. Plaintiff does not allege the deputies knew or should

1  have known about any danger pertaining to the cell assignment other than plaintiff's statement
2  that he had preexisting conditions that put him at a high risk for COVID-19. Plaintiff does not
3  allege, for example, that the deputies housed him with a cell mate known to have COVID-19.
4  Moreover, under the facts alleged, there is no indication deputies Phillips and Smith were
5  responsible for determining plaintiff's housing assignment, even if there was a sufficiently serious
6  risk associated with it. See Hines v. Youseff, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant who
7  had no discretion or authority relating to the alleged conduct could not be held liable under the
8  Eighth Amendment because "[a]n official is liable under § 1983 only if 'culpable action, or
9  inaction, is directly attributed to them.'").

10  The risks associated with an upper bunk can also rise to the level of a sufficiently serious
11  risk under the Eighth Amendment. See West v. Pettigrew, No. 2:11–cv–1692 JAM JFM (PC),
12  2013 WL 85380, *2 (E.D. Cal. Jan. 8, 2013) ("Plaintiff's allegations that a medical doctor issued
13  a chrono for plaintiff to be housed in a lower bunk due to a back condition, and that he was
14  instead housed on an upper bunk, are sufficient to meet the first prong of his Eighth Amendment
15  claim"). Here, though, plaintiff does not allege facts showing that any defendant was aware of
16  and disregarded an excessive risk to his safety. Under the complaint's allegations, plaintiff
17  informed Deputy Phillips and Deputy Smith he cannot be on upper bunk because he has
18  degenerative disc disease. Plaintiff does not, however, allege whether a medical doctor had issued
19  a chrono for him to have a lower bunk, or whether, if that was the case, the deputies knew about
20  it. The current allegations do not state a claim related to plaintiff's housing placement and upper
21  bunk assignment.

22  Plaintiff's allegation that he was denied requested medication also fails to state an Eighth
23  Amendment claim. Plaintiff does not allege what medication he was denied, for how long, or who
24  was responsible for the deprivation. A bare allegation of denial of medication fails to state a
25  claim. See, e.g., Benson v. California, No. C 10-843 MHP PR, 2010 WL 3340591, at *1 (N.D.
26  Cal. Aug. 25, 2010) ("plaintiff must allege in her amended complaint what medicine was denied,
27  what the medication was used for when she received it, how long the medicine was denied, and
28  the consequence of the denial of the medicine[;] [s]he also must link defendants to this claim").

**B.     Outgoing Legal Mail**

Prisoners have a First Amendment right to send and receive mail, but regulations may curtail that right if the regulations are reasonably related to legitimate penological interests. Nordstrom v. Ryan, 856 F.3d 1265, 1272 (9th Cir. 2017); see, e.g., Wolff v. McDonnell, 418 U.S. 539, 577 (1974) (holding that prison officials may open, but not read, incoming legal mail in the presence of the inmate). Plaintiff does not allege his legal mail was improperly opened or inspected, or that some regulation curtails his right to send or receive it. Instead, plaintiff alleges that on a single occasion his outgoing legal mail was processed after a delay of a few minutes, and after he insisted it be done in his presence. The conduct alleged does not rise to the level of a First Amendment violation.

Inmates also have a constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To state a viable access-to-courts claim, however, a plaintiff must plausibly allege he suffered an actual injury as a result of the defendant's actions. Lewis v. Casey, 518 U.S. 343, 349 (1996). Plaintiff alleges no such plausible injury and does not state a claim related to his outgoing legal mail.

**C.     Grievance Processing**

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. Only persons who cause or participate in constitutional violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. Plaintiff does not state a claim related to the handling of his grievance.

**D.     Other Conditions of Confinement**

Plaintiff also alleges a denial of blankets while housed in 6E, that he "rarely" received a full 15 minutes of daily rec/shower time, hostile treatment, and a violation of his confidentiality

1  when his non-vaccinated status was reported to classification. These allegations fail to state a
2  conditions of confinement claim.

3  The Eighth Amendment protects prisoners from inhumane conditions of confinement.
4  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in
5  the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217
6  F.3d 726, 731 (9th Cir.2000). Rather, extreme deprivations are required to make out a conditions
7  of confinement claim, and only those deprivations denying the minimal civilized measure of life's
8  necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer,
9  511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 1992) (citations and quotations omitted).

10  Prisoners may not be deprived of their basic human needs—e.g., food, clothing, shelter,
11  sanitation, medical care, and reasonable safety. Farmer, 511 U.S. at 832. Conditions, when
12  aggregated, may rise to the level of a constitutional violation, "but only when they have a
13  mutually enforcing effect that produces the deprivation of a single, identifiable human need such
14  as food, warmth, or exercise." Darnell v. Pineiro, 849 F.3d 17, 30 (2nd Cir. 2017); see also
15  Wilson v. Seiter, 501 U.S. 294, 304 (1991) (noting the synergy between cold temperatures and
16  the failure to provide blankets could potentially establish an Eighth Amendment violation). In
17  evaluating challenges to conditions of confinement, the length of time the prisoner must go
18  without basic human needs may be considered. Hoptowit v. Ray, 682 F.2d 1237, 1258 (9th Cir.
19  1982) (abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)). Temporary
20  unconstitutional conditions of confinement do not necessarily rise to the level of constitutional
21  violations. Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314-15 (9th Cir.), opinion amended on
22  denial of reh'g, 75 F.3d 448 (9th Cir. 1995).

23  Here, while plaintiff was allegedly denied blankets, the complaint does not describe the
24  severity or duration of this deprivation. The allegation that plaintiff "rarely" received a full 15
25  minutes of daily rec/shower time is similarly undeveloped and too vague to show the deprivation
26  of an identifiable human need. Plaintiff's allegation of "hostile treatment" also does not support a
27  constitutional claim. See generally Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) ("verbal
28  harassment generally does not violate the Eighth Amendment"), amended on other grounds by

135 F.3d 1318 (9th Cir. 1998). Finally, an inmate does not have an absolute constitutional right to confidential medical records. See generally Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010) (recognizing general principle that whatever right to privacy an inmate has may be "overridden for legitimate penological reasons"). The alleged conduct of staff reporting plaintiff's non-vaccinated status to classification does not rise to the level of a constitutional violation.

### V. Conclusion and Order

For the reasons set forth above, plaintiff's complaint does not state any cognizable claims. Plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and must state what each named defendant did that led to the deprivation of constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). This opportunity to amend is not for the purpose of adding new and unrelated claims. Plaintiff should focus on curing the deficiencies in the claims he already attempted to present. An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.

In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district judge will assigned to the case to determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

### VI. Order

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

9

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Within 30 days from the date of service of this order, plaintiff must file one of the following:

    a. An amended complaint curing the deficiencies identified in this order;

    b. A notice of election to stand on the complaint as filed; or

    c. A notice of voluntary dismissal.

5. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: May 13, 2024

_[signature]_
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
huds1821.scrn